UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EARL McCORMICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ATKIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02022-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

　　Plaintiff Brandon Earl McCormick is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Plaintiff filed the instant complaint on December 13, 2012. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 28, 2012. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff was prescribed Trilafon and Zoloft by Dr. Atkins. Plaintiff was not informed of the side effect that causes gallstones which caused a blocked liver duct, liver failure, and yellow jaundice resulting in multiple surgeries. Plaintiff would never have agreed to take this medication if he had known of the side effects.

After Plaintiff noticed that he was displaying signs of jaundice, he put in a sick call slip. On February 27, 2012, licensed vocational nurses (LVN) Bitanga and Pascua refused to allow him to see the on-call doctor. Then officer Medina refused to call the medical department because Plaintiff may have been contagious.

On February 28, 2012, Plaintiff was not called to the medical department, so he went to the nurse window and Bitanga and Belallo refused to allow him treatment. Plaintiff then requested that

2

1  Lieutenant Dean allow him to go to the medical department, however, he told Plaintiff that he did not
2  have jaundice and sent him back to the housing unit.

3      On February 29, 2012, he was called to the medical department, and registered nurse (RN) R.
4  Cardoso observed that Plaintiff was jaundice. Dr. Alfonso ordered a urine test which displayed that
5  his blood count was high. Dr. Alfonso reviewed Plaintiff's medical chart and knew immediately that
6  the Trilafon and/or Zoloft was the cause of his jaundice. Dr. Alfonso referred Plaintiff to Dr. Atkins
7  for review of the prior medical prescription, and ordered laboratory testing.

8      Plaintiff was examined by Dr. Atkins and she reviewed the side effects of the prescribed
9  medication and said "No nothing, then oh wait I guess there is a very rare side effect what do you
10 know. I just looked at her like are you serious? Your prescribing meds and not knowing it could kill
11 me." The lab testing was conducted approximately a week later and he was sent to the hospital. The
12 hospital took a liver biopsy but it was never sent to the prison, so Plaintiff has no knowledge if there is
13 permanent damage to his liver. Dr. Alfonso refused to order a further biopsy because after
14 approximately two to three months Plaintiff's liver has returned to normal range. Plaintiff continues to
15 suffer from side effects which could be caused from permanent liver damage.

16     Plaintiff was hospitalized for ten days during which he could not eat or drink and was shackled
17 to his bed. Plaintiff is seeking relief because he was not allowed to see the on call doctor, yet he was
18 hospitalized for ten days and had three surgical procedures.

## III.

## DISCUSSION

### A. Linkage Requirement

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S.

3

Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

### B. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

//
//
//

1.       LVNs Bitanga, Pascua and Belallo

Plaintiff alleges that on February 27, 2012, Bitanga and Pascua refused to allow him to see the on-call doctor, and, on February 28, 2012, Bitanga and Belallo refused to allow him to see the on-call doctor a second time.

It is not clear from the allegations whether Defendants Bitanga, Pascua and Belallo could or should have known that a substantial risk of serious harm existed. Plaintiff alleges only that he displayed signs of jaundice, had dark urine, and experienced itching on his back and palms. Plaintiff does not allege that he informed any of these Defendants that his condition was an emergency or described it in such a way as to suggest an emergency in need of care of the on-call doctor. Thus, Plaintiff has failed to allege deliberate indifference on the part of any of these Defendants. The Court will grant leave to amend. In order to state a cognizable claim, Plaintiff must allege facts demonstrating that these Defendants knowingly disregarded a serious medical need.

2.       Lieutenant Dean

Plaintiff alleges that on February 28, 2012, he complained to Lieutenant Dean that he was in need to be examined by the on-call doctor because of his jaundice. Lieutenant Dean took Plaintiff inside to view him under the light and said he was not jaundiced and sent him back to his housing unit. These allegations, viewed liberally, state a cognizable claim for deliberate indifference to a serious medical need by denying Plaintiff medical treatment in violation of the Eighth Amendment.

3.       RN R. Cardoso

Plaintiff contends that on February 29, 2013, RN Cardoso indicated that she "could tell clear across the room [he] was yellow and [he] was her first case of yellow [jaundice]." These allegations fail to demonstrate that Defendant Cardoso acted with deliberate indifference toward Plaintiff's medical needs.

4.       Dr. Alfonso

Plaintiff contends that Dr. Alfonso examined him on February 29, 2012, and reviewed his medical file and knew immediately that Plaintiff's medication caused the jaundice. Because Dr. Alfonso is a medical doctor, he referred Plaintiff back to Dr. Atkins to review the prior prescription.

Dr. Alfonso also referred Plaintiff for laboratory testing. Plaintiff contends he should have been immediately sent to the hospital.

Plaintiff fails to allege factual circumstances demonstrating deliberate indifference by Dr. Alfonso. The mere disagreement with treatment does not give rise to a constitutional violation. Dr. Alfonso did respond to Plaintiff's complaint by referring him back to Dr. Atkins and for laboratory testing. Plaintiff's medical need was not disregarded, and the treatment provided by Dr. Alfonso was the product of his medical judgment. Plaintiff's disagreement does not support a claim for deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff has failed to demonstrate why this course of treatment was medically unacceptable under the circumstances, and even if so, he has failed to allege that Alfonso chose the treatment in conscious disregard of an excessive risk to Plaintiff's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

5. Dr. Atkins

Plaintiff's allegations do not support a claim that Dr. Atkins acted with deliberate indifference to his medical needs. At most, Dr. Atkins failed to more thoroughly investigate or discuss with Plaintiff the possible rare side effects caused by the medications prescribed, and Plaintiff disagrees with the prescription given the symptoms that he presented with at the hospital. Neither Plaintiff's disagreement with how his medical issues were addressed, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor the possibility that another doctor might have handled things differently amounts to deliberate indifference, Sanchez v. Vild, 891 F.2d at 242.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Lieutenant Deans for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendant Lieutenant Dean, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Lieutenant Dean for deliberate indifference; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __December 16, 2013__

UNITED STATES MAGISTRATE JUDGE