UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EARL McCORMICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ATKIN, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02022-SAB (PC)<br><br>ORDER VACATING HEARING DATE OF NOVEMBER 5, 2013, AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE LOCAL RULES OF THIS COURT<br><br>[ECF No. 23] |

　　　　Plaintiff Brandon Earl McCormick is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 8, 2014, Defendants filed a motion for summary judgment, and the motion was noticed for oral argument on November 5, 2014, at 10:00 a.m. before the undersigned.  As stated in the Court's July 29, 2014, order, because Plaintiff has been released from prison and is no longer a state prisoner, Local Rule 230(l) no longer governs this action and all other non-prisoner provisions in the Local Rules shall apply.

　　　　Applying the noticed hearing date and Local Rule 230(b), Plaintiff's opposition to Defendants' motion to dismiss was due on or before October 22, 2014.  To date, Plaintiff has failed to file an opposition or otherwise respond to Defendants' motion for summary judgment.  Accordingly, the

1

1  Court will vacate the November 5, 2014, hearing date, and direct Plaintiff to show cause why the
2  action should not be dismissed for failure to comply with the Local Rules of this Court.
3        Local Rule 110 states that the "[f]ailure of counsel or of a party to comply with these Rules or
4  with any order of the Court may be grounds for imposition by the Court of any and all sanctions
5  authorized by statute or Rule or within the inherent power of the Court."  In light of the fact that
6  Plaintiff failed to file an opposition and has not been in communication with the Court, Plaintiff shall
7  be directed to show cause why the action should not dismissed for failure to prosecute.  See Bautista v.
8  Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (The Court has the inherent power to control
9  its docket and may, in the exercise of that power, impose sanctions where appropriate, including
10 dismissal of the action).  Plaintiff's inaction hinders the Court's ability to move this case toward
11 disposition and indicates that Plaintiff does not intend to litigate this action diligently.  Plaintiff is
12 warned that the failure to comply with this order will result in dismissal of the action for failure to
13 prosecute.
14       Accordingly,
15       IT IS HEREBY ORDERED that:
16       1.    The November 5, 2014, hearing date is VACATED;
17       2.    Within twenty (20) days from the date of service of this order, Plaintiff shall show
18           cause why the action should not be dismissed for failure to prosecute; and
19       3.    The failure to comply with this order will result in dismissal of the action for failure to
20           prosecute.

22 IT IS SO ORDERED.

23 Dated: **October 24, 2014**

                                  UNITED STATES MAGISTRATE JUDGE

2