UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EARL McCORMICK,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. ATKIN, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-02022-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 30] |

Plaintiff Brandon Earl McCormick is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Doctor Alfonso, Bitanga, Pascua, Belallo, and Dean for deliberate indifference to a serious medical need.

On September 8, 2014, Defendants filed a motion for summary judgment relating to exhaustion of the administrative remedies. Plaintiff did not respond to the motion and on October 24, 2014, the Court directed Plaintiff to show cause why the action should not be dismissed for failure to prosecute the action. Local Rule 230(l). On November 12, 2014, the Court discharged the order to show cause and granted Plaintiff thirty days to file an opposition to Defendants' motion. (ECF No. 30.) More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

///

# I.

# DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," Id. However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice; and public policy favors disposition on the merits, which weighs against dismissal. In re PPA, 460 F.3d at 1228; Pagtalunan, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory. In re PPA, 460 F.3d at 1228-29; Pagtalunan, 291 F.3d at 643. A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since 2012, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. Id. In addition, Plaintiff has been forewarned that dismissal of the action would result for failure to comply with the court's order. (ECF No. 30.)

## II.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute. In re PPA, 460 F.3d at 1226; Local Rule 110.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 2, 2015**

UNITED STATES MAGISTRATE JUDGE

3